945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Blythe MYERS, et al., Plaintiffs-Appellants,
v.
AP PROPANE, INC., Defendant-Appellee.
 No. 91-5119.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1991.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, Circuit Judge, and SILER, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 Defendants in this diversity action, based on procurement of unlawful breach of contract under Tennessee law, are a propane distributorship, its owners and officers, and employees. Two of these employees were former employees of CalGas, the defendant company's competitor, since acquired by the plaintiff. One of these employees, CalGas' manager (Preston), had the other employee (Myers) execute a restrictive covenant against competition as a condition of his employment with CalGas. This covenant specified that its terms would apply for one year from termination of employment. Following the manager's departure from CalGas, he urged Myers to join him working for defendant Spar Gas, Inc. as a distribution representative. Following Myers' and Preston's joining Spar Gas, Myers solicited many of his former CalGas customers, leaving notes captioned "no more gas" to induce his former employer to cease its deliveries to them. The plaintiff testified that it lost some 200 customers to these tactics after two months. After granting the plaintiff's temporary restraining order, the District Court consolidated a hearing for preliminary injunction with a bench trial on the merits. An injunction against the defendants was issued; a jury trial was conducted later on damages, with a verdict for the plaintiff with treble damages. Three of the named defendants and the corporate defendant raise on appeal a number of issues relating to both the expedited trial for injunctive relief and the jury trial for damages.
 
 
 2
 Contrary to the defendants' contention, the District Court provided sufficient notice consonant with Federal Rule of Evidence 65(a)(2). Under that rule, a court may order the consolidation of trial on the merits with a hearing for preliminary injunctive relief. Where such expedited procedures are held, the parties should normally receive clear, unambiguous notice of the court's intent to consolidate, either before the commencement of the hearing or at a time that still affords a full opportunity to present the respective cases. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). The order granting a temporary restraining order specified that preliminary and final injunctions would be addressed simultaneously, as did the district judge's oral ruling during the hearing for temporary relief. During the hearing for preliminary and permanent injunctive relief, at the outset, the District Judge repeated several times that this would be a "combination of temporary and permanent injunction, period," and the defendants' counsel himself expressly denied that the proceedings were prejudicial or disadvantageous to his clients. Accordingly, this was not the type of inadequate notice contemplated in Camenisch. The defendants' argument is without merit.
 
 
 3
 The District Court's findings of fact concerning the validity and scope of the restrictive covenants against defendants' competition is reviewable under a "clearly erroneous" standard. A finding of fact is "clearly erroneous" only when "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985), citing United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Farber v. Massillon Board of Education, 917 F.2d 1391, 1398 (6th Cir.1990); Summit Petroleum Co. v. Ingersoll-Rand, 909 F.2d 862, 866 (6th Cir.1990).
 
 
 4
 The District Judge considered evidence relevant as to whether defendant Myers' restrictive covenant was reasonable and whether it was reasonably applied to his actions. Under settled Tennessee law, restrictive covenants against competition in employment contracts will be enforced where reasonable under the particular circumstances. Those circumstances include time, territory, and adequate contractual consideration under the circumstances. Central Adjustment Bureau, Inc. v. Ingram, 678 S.W.2d 28, 32-33 (Tenn.1984). Time and territorial considerations, must only be those which are necessary to protect the employer's business interests. Id. at 35. Here, the District Judge found that defendant Myers' contract was executed expressly in consideration of his employment, so that the requisite consideration existed. Likewise, Judge Morton found the territorial and time limitations prohibiting the defendant's competition in propane sales in the trade area for one year were reasonable under the circumstances, as well as that defendant Myers breached that covenant of his contract. We find no error in the District Judge's findings and conclusions on these matters.
 
 
 5
 Likewise, we cannot fault the District Judge's findings regarding defendant Preston's tortious inducement of breach of Myers' contract and the imputation of that inducement to the other named defendants and Spar Gas. Tenn.Code Ann. § 47-50-109 provides a cause of action for procuring a breach of contract. The statutory cause of action requires a clear showing that the terms of a legal contract have been breached, after another's malicious inducement proximately caused the breach. Warde v. Kaiser, 887 F.2d 97, 101 (6th Cir.1989); see also Misco, Inc. v. United States Steel Corp., 784 F.2d 198 (6th Cir.1986). The District Judge weighed the evidence offered to establish Myers' breach and Preston's tortious inducement. As to the involvement of the other named defendants and the corporate defendant, the testimony amply demonstrated sufficient knowledge of Preston's actions as their agent to support the imputation of his actions to them. The defendant Preston's actions took place within the scope of his employment, and defendant's manager Mary Ann Catron was placed on notice of Preston's intent to "raid" CalGas' business. At the least, the corporate defendant had constructive knowledge of material facts received by its officers, while acting in the course of their employment and scope of their authority. Griffith Motors, Inc. v. Palmer, 633 S.W.2d 319, 322 (Tenn.Ct.App.1982). The District Judge's findings to this effect are not clearly erroneous.
 
 
 6
 Likewise, the District Court did not err in denying a jury trial or injunctive relief to the defendants. In fact, the defendants never manifested any demand for a jury trial on this phase of the proceedings until after the expedited Rule 65(a)(2) trial took place. The failure of parties to demand a jury trial in a timely fashion effectively waives this right, as we have held before. See, e.g., Carlyn v. City of Akron, 726 F.2d 287, 288 (6th Cir.1984).
 
 
 7
 The defendants' last issues on appeal challenge the District Court's treatment of damages, namely, the scope of the injunctions, proof of mitigation, and lost profits. The District Court enjoined the defendants from employment with Spar Gas for one year from the date of entry, pursuant to the language of defendant Myers' restrictive covenant. Contrary to defendants' claims, the District court did not extend the terms of this covenant beyond its scope; the permanent injunction was limited to one year. Cf. Moore v. Curtis 1000, Inc., 640 F.2d 920, 923-24 (8th Cir.1980). This issue is without merit. Likewise, the defendants challenge the plaintiff's lost profits claims concerning propane tank rentals as a failure to mitigate damages. The plaintiff withdrew this aspect of its claim for damages.
 
 
 8
 Without citation to any relevant authority, the defendants claim that the District Court extended the period for proper computation of damages beyond the scope of the injunction. The district judge instructed the jury upon awarding damages during a fifteen-month injunctive period. The defendants did not object to these instructions before the jury began its deliberations. Federal Rule of Civil Procedure 51 prevents any party from assigning as error the giving of an instruction, unless that party objected before the jury retired for its deliberations. The defendants' failure to object to this instruction constitutes a waiver of this issue for purposes of appeal. Clarksville-Montgomery County School System v. United States Gypsum, 925 F.2d 993, 1006 (6th Cir.1991); Murphy v. Owens-Illinois, Inc., 779 F.2d 340, 345 (6th Cir.1985). We therefore, conclude that this assignment of error is without merit.
 
 
 9
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation